**MID–CONTINENT AIRCRAFT CORPORA- TION, Petitioner-Appellant,**

**v.**

**INDUSTRIAL COMMISSION of Missouri and Division of Employment Security of Missouri, Respondents.**

**No. 25313.**

Kansas City Court of Appeals, Missouri.

April 6, 1970.

James E. Reeves, Caruthersville, for appellant.

Curtis K. Cochell, Jefferson City, for Div. of Emp. Sec.

Lloyd G. Poole, Jefferson City, for Ind. Comm. of Mo.

JAMES W. BROADDUS, Special Commissioner.

This is an action for judicial review of an order of the Industrial Commission pursuant to Section 288.210 V.A.M.S. The Circuit Court of Cole County entered a judgment affirming the order of the Industrial Commission which determined that appellant, Mid-Continent Aircraft Corporation, was liable for unemployment contributions from January 1, 1960, through the Third Quarter of 1967, in the amount of $7,441.98, plus interest on delinquent contributions.

Respondent Division of Employment Security made Orders of Assessment Nos. 35,139, 35,140, 35,144 and 35,145 against appellant on February 2, 1968, for con-

tributions and interest due for all quarters from January 1, 1960, through September 30, 1967. Appellant protesting said assessment filed its petition for reassessment with Respondent-Division.

Order of Assessment No. 35,139 was cancelled and declared void by the Appeals Referee as it contained the sums covered in one of the other assessment orders.

Appellant's predecessor Mid-Continent Aerial Sprayers, Inc., was administratively determined to be subject to the Employment Security Law effective January 1, 1960, and its liability as an employer subject to said law was determined in Mid-Continent Aerial Sprayers, Inc. v. Industrial Commission, et al. (Spfd. C.A.), 420 S.W.2d 354.

On January 6, 1968, Respondent Division of Employment Security determined that appellant herein (successor) stood in the position of Mid-Continent Aerial Sprayers, Inc. (predecessor), under Section 288.110 RSMo 1959, V.A.M.S. Said determination was allowed to become final.

Neither the predecessor nor the appellant herein paid contributions and interest due as an employer in accordance with the Missouri Employment Security Law.

The decision of the Division's appeals referee which was adopted by the Commission and now before this Court for judicial review, entered the following evidentiary findings:

"Mid-Continent Aerial Sprayers, Inc., was engaged in the business of aerial spraying of farm land and crops. Effective January 1, 1960, it was administratively determined to be an employer subject to the Missouri Employment Security Law, Account No. 70954. The statutory date of its liability was determined to be December 26, 1960. For each calendar quarter, or part thereof, from January 1, 1960 through August 12, 1966, it filed with the Division a contribution and wage report of total wages paid, taxable wages paid, and contributions due at a contribution rate of 2.7 percent from January 1, 1960 through December 31, 1965, and at 3.6 percent thereafter. Each report was filed under protest pending a judicial determination of Mid-Continent Aerial Sprayers, Inc.'s, appeal that it was not an employer subject to the law.

"Contributions were not paid to the Division when due and none had been paid prior to the date of the Orders of Assessment. In a decision by the Springfield Court of Appeals, Mid-Continent Aerial Sprayers, Inc., was held liable as an employer subject to the Missouri Employment Security Law effective January 1, 1960 (Mid-Continent Aerial Sprayers, Inc. v. Industrial Commission of Missouri, Division of Employment Security and John C. Emerson, 420 S.W.2d 354).

"On January 6, 1968, the Division redetermined administratively that Mid-Continent Aircraft Corporation acquired substantially all the business of Mid-Continent Aerial Sprayers, Inc., and that, effective August 12, 1966, Mid-Continent Aircraft Corporation shall stand in the position of Mid-Continent Aerial Sprayers, Inc., in all respects under the provisions of Section 288.110 RSMo Supp. That determination has become final.

"During the first half of 1965 benefit payments totaling $285.37 were charged to the account of the petition's predecessor. No other benefit payments were charged either to the account of the predecessor employer or the petitioner."

In the decision of the appeals referee the appellant was reassessed contributions under Assessment No. 35,144 in the amount of $1,392.87, under Assessment No. 35,145 in the amount of $4,392.59, and under Assessment No. 35,140 in the amount of $1,656.52. Interest on amounts due under all three assessments was included in the decision.

On May 29, 1969, the Circuit Court of Cole County entered its judgment by which the Order of the Industrial Commis-

sion was affirmed. Thereafter the matter was appealed to this Court.

Appellant makes but one point for this court to rule upon and that is that appellant is entitled to a reduced rate of contributions based upon the actual employment experience of itself and its predecessor.

Appellant would have this Court rule that in computing the contribution rate for each calendar year for each employer who is entitled to an experience rating computation that all contributions due should be used in such calculation regardless of whether such contributions have been paid. In our opinion such a contention is contrary to the provisions of the Missouri Employment Security Law.

Section 288.100 RSMo 1959, V.A.M.S., requires that the Division shall maintain separate accounts for each employer and shall credit his account with all contributions which he had paid. Furthermore, Section 288.120 RSMo 1959, V.A.M.S., clearly provides that only contributions "paid and credited for all past periods" can be considered in a rate calculation. Such wording of the law is clear and unambiguous and requires no judicial interpretation.

Appellant is the successor to the Mid-Continent Aerial Sprayers, Inc., under Section 288.110 RSMo 1959, V.A.M.S. This fact is substantiated by the record and is not in dispute. The fact that appellant's predecessor was an employer subject to the Missouri Employment Security Law was determined by the Court's ruling in Mid-Continent Aerial Sprayers, Inc. v. Industrial Commission, et al., 420 S.W.2d 354.

The liabilities of a successor are clearly pointed out in Section 288.110 which states that a successor " * * * shall stand in the position of such predecessor employer in *all* respects, including the predecessor's separate account, actual contribution and benefit experience, annual payrolls, and *liability for current or delinquent contributions, interest and penalties* * * *." (Emphasis ours)

Appellant contends that respondents "ignored the employer's experience and refused to give it the benefits of the reduced rates," as provided in Section 288.120. The clear and plain wording of said statute provides that in order for an employer to take advantage of rating experience and reduced contribution rates the employer, here either the predecessor or successor, must have *paid* contributions and have been *credited* for same. Section 288.120, as amended reads:

"1. (2) If, on any June thirtieth, or within a reasonable time thereafter, as may be fixed by regulation, the total of an employer's contributions, *paid and credited* for all past periods, or for the past sixty consecutive calendar months, whichever is more advantageous to such employer, is less than the total benefits charged against his account during the same period, his rate shall be three and six-tenths percent. * * *

"(3) If on June thirtieth, or within a reasonable time thereafter, as may be fixed by regulation, * * * the total of all of an employer's contributions *paid and credited* for all past periods exceeds the total benefits charged to his account for all such periods, his contribution rate shall be:

"(a) Two and seven-tenths percent if there is an excess but such excess is less than two percent of his average annual payroll;" (Emphasis ours)

Here neither the predecessor nor the appellant made any payment whatsoever during the quarters in question and, therefore, are not eligible to take advantage of reduced rates.

The judgment should be affirmed. Your Special Commissioner so recommends.

PER CURIAM:

The foregoing opinion by JAMES W. BROADDUS, Special Commissioner, is hereby adopted as the opinion of the Court and the judgment is affirmed.

All concur.